UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert Alonzo Robinson, # 298364, (*formerly* SCDC # 211603, # 143203, # 27925),<br><br>      Plaintiff,<br><br>vs.<br><br>Harv Jacobs (Channel 5 News), and Matthew Stanley (City of Charleston Police Department), in their Individual Capacities,<br><br>      Defendants. | C/A No. 2:11-1820-RBH-JDA<br><br><br>Report and Recommendation |

  This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is currently incarcerated at the Charleston County Detention Center, being held pending trial on burglary charges. He claims that Defendants, a news reporter and the chief investigator on the burglary case, are liable to him under the Eighth Amendment for defamation, libel, and slander because of television news reports that stated that Plaintiff was arrested and charged for the burglary based on DNA testing of feces found in the burglarized house. He claims that he never left any feces there, although he does admit to going to the house to talk with another person who he thought had the right to be in the house. He says that the whole "feces evidence" information is untrue, that such evidence was not presented to the magistrate who issued his arrest warrant, and that the publication of his picture, name, and

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

other identifying information in connection with the feces information has subjected him to humiliation and mental distress. He asks for $ 5 million from each Defendant.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and both Defendants are residents of South Carolina.  Even though Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  Plaintiff asserts that his claim is "under the Eighth Amendment," but he does not complain about any of the conditions of his confinement at Charleston County Detention Center or about any kind of physical injury that might have been caused by any such conditions.  Instead, he complains about harm to his emotional state occasioned by news reports about his arrest.   Although he references "the Eighth Amendment rights against Deliberate Indifference" Plaintiff's Complaint allegations against Defendants actually accuse them of committing intentional torts against him outside the walls of the detention center and after the fact of his arrest.  For example, the allegations that Defendants are spreading false information about him and about the circumstances of his arrest, and, in doing so, subjecting him to "attacks" based on "scorn, ridicule, and trauma."  These allegations arguably state a claim for defamation,

4

fraud, outrageous conduct, and/or harassment against Defendants. Generally, such intentional torts are matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See Camden v. Hilton*, 360 S.C. 164, 170, 600 S.E.2d 88, 91 (Ct. App. 2004); *State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 10-11, 530 S.E.2d 132, 137 (Ct. App. 2000). Unfortunately for Plaintiff, however, as previously stated, diversity jurisdiction is unavailable in this case because all the parties are residents of the same state.

Even though Plaintiff asserts that his claims fall within this Court's federal question jurisdiction by claiming that he is suing under the Eighth Amendment for "deliberate indifference," such allegations may be disregarded by this Court if its review of the allegations disproved such an assertion. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). Plaintiff's allegations do not state a federal question claim for deliberate indifference to inmate safety under the Eighth Amendment against either Defendant because there are no allegations showing that either Defendant had advance knowledge that his actions would expose Plaintiff to danger from fellow inmates or any other kind of danger of personal harm. As a

result, there are no allegations that would satisfy the "subjective" element of an Eighth Amendment deliberate indifference to inmate safety claim. *See Wilson v. Seiter*, 501 U.S. 294, 297-301 (1991) (defendants' state of mind is important consideration in "deliberate indifference" claims).

Moreover, even if Plaintiff's allegations of subjective intent on the part of Defendants were sufficient to state a *prima facie* "deliberate indifference" claim against either Defendant, Plaintiff would still be unable to recover the damages he requests because of the operation of 42 U.S.C. § 1997e, which states: (e) Limitation on recovery; No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Since Plaintiff's only "injuries" from the allegedly false newscasts are emotional in nature, he cannot recover damages in federal court from either Defendant based on their involvement with the news reports about Plaintiff's arrest.

No other potential basis for the exercise of either diversity or federal question jurisdiction over the parties' dispute is evident from the face of the Complaint. Accordingly, this case should be summarily dismissed without issuance of process for Defendants.

### Recommendation

It is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible

6

after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

August 30, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).