IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert Alonzo Robinson, ) <br> # 298364, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Harv Jacobs (Channel 5 News), ) <br> and Matthew Stanley ) <br> (City of Charleston Police ) <br> Department), in their Individual ) <br> Capacities, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action No.: 2:11-cv-01820-RBH <br><br><br><br><br><br> **ORDER** |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R&R, the Magistrate recommends that the Court dismiss Plaintiff's complaint *without prejudice*. [R&R, Doc. # 16, at 6.]

**Factual Background and Procedural History**

On July 27, 2011, Plaintiff Herbert Alonzo Robinson, proceeding *pro se*, filed a complaint against Harv Jacobs, a television news reporter, and Matthew Stanley, an investigator with the City of Charleston Police Department. Robinson, who is detained at the Charleston County Detention Center, asserts claims of defamation, libel, and slander arising from a news report that Robinson was arrested for burglary after his DNA matched a DNA sample taken from human feces found at the scene of the crime. He complains that the news report relied on facts omitted from an affidavit supporting his arrest and that the defendants' knowing publication of "unsubstantiated" facts subjected him to emotional distress and the loss of several relationships. Robinson, moreover, alleges the news report was an act

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate for pretrial handling.

of "deliberate indifference" in violation of his Eighth Amendment[2] rights because he was subjected to "scorn and ridicule" in jail as a consequence. He seeks damages in the amount of five million dollars. [Compl., Doc. # 1, at 3-6.]

On August 30, 2011, the Magistrate issued the R&R, recommending that the Court dismiss Robinson's complaint *without prejudice*.[3] Robinson filed timely objections to the R&R. [Pl.'s Obj., Doc. # 18.]

**Standard of Review**

The Magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must

---

[2] Because Robinson proceeds *pro se*, the Court liberally construes his Eighth Amendment claim as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] The Magistrate's review of Robinson's complaint was conducted pursuant to the pre-screening provisions of 28 U.S.C. §§ 1915 & 1915A.

2

"satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Robinson makes two objections to the Magistrate's R&R, both relating to the Magistrate's conclusions regarding his Eighth Amendment claim. First, Robinson points out that he alleged a violation of his rights under the Eighth Amendment and that the Court, for that reason alone, retains federal question jurisdiction to hear this action. Second, he argues that the Magistrate overlooked the conditions of confinement alleged in his complaint and that they support a deliberate indifference claim under the Eighth Amendment, adding that the defendants "knew or should have known" that their news report would result in his foreseeable psychological suffering and an alleged "physical assault" by other inmates. The Court finds Robinson's objections are without merit.

Robinson's mere claim of deliberate indifference in his complaint is not sufficient to create an actionable federal question over which the Court has jurisdiction, and as the Magistrate notes, the character of his claim relates more to the state tort claims in his complaint. In this context, the Eighth Amendment claim for deliberate indifference is derived from a *prison official's* duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on such a claim involving a failure to prevent harm, a plaintiff must prove that the "substantial risk of serious harm" was "objectively, 'sufficiently serious' " and that a prison official had a reckless state of mind in creating that risk. *Id.* at 834, 840. As the Magistrate notes in her recommendation, Robinson's claims are directed at parties whose actions were committed outside the walls of the detention center.[4] [R&R, Doc. # 16, at 4.] Additionally, as explained in pages 5 and 6 of the R&R,

---

[4] The Court additionally finds that Defendant Harv Jacobs was not a state actor, a fact that precludes liability under § 1983.

3

Robinson never alleged the defendants' state of mind in his complaint, and for that reason alone, he fails to properly state a claim for which the Court can grant relief.

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate, the Court hereby overrules Robinson's objections and adopts the R&R of the Magistrate.[5]

**IT IS THEREFORE ORDERED** that Plaintiff's case is hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 20, 2012

---

[5] Robinson does not object to the Magistrate's conclusion that the state law claims are jurisdictionally defective due to a lack of diversity between the parties. *See* 28 U.S.C. 1332(a). Because the Court finds Robinson fails to allege a proper federal question in his complaint, his entire action must be dismissed.